# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| ZACHARY M. & MARITZABEL THOMAS, | )<br>) |
| Plaintiffs, | ) Case No. _____<br>) |
| v. | )<br>) CIVIL COMPLAINT<br>) |
| UNITED STATES OF AMERICA, | ) DEMAND FOR JURY TRIAL<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, Zachary M. and Maritzabel Thomas (collectively "Plaintiffs"), by and through their undersigned attorneys, and as their Complaint shows this Court as follows:

## INTRODUCTION

1.

Plaintiffs filed their 2007 return as married filing jointly and reside at 989 Hillsboro Mile, Hillsboro Beach, Florida 33062-2301 in Broward County.

2.

This is a civil action against the United States of America for an abatement of tax penalties and the issuance of a refund in the amount of $18,602 plus interest from the date of the payment of the previous tax and/or application of a prior overpayment as the payment of tax, as the Plaintiffs allege the tax penalties were erroneously and improperly assessed and collected, or such other amount as in law and in fact is recoverable.

## JURISDICTION AND VENUE

3.

This court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1346.

4.

Venue lies in this court under 28 U.S.C. §§ 1391 and 1402(a)(1) as Plaintiffs reside in Broward County, Florida and no real property is involved in this action.

5.

The Plaintiffs have met the jurisdictional prerequisite of 26 U.S.C. § 7422 as they filed a Claim for Refund with the Secretary prior to filing this action.

## GENERAL ALLEGATIONS

6.

Plaintiffs by and through their attorneys, submitted a Claim for Refund and Request for Abatement ("Claim for Refund and Request for Abatement") together with Exhibits.

7.

The Claim for Refund and Request for Abatement outlines and provides supporting background information justifying Plaintiffs' request for an abatement of penalties and claim for refund.

8.

The Claim for Refund and Request for Abatement sought abatement for the year 2007 for the amount of the penalties assessed as a part of a partnership action.

9.

The penalties arose from an investment in an energy credit transaction for 2007.

10.

The reasonable cause basis for the penalty abatement is reliance on the advice of certain tax and investment advisors.

11.

Plaintiff husband along with several other NFL football players, invested in the aforementioned energy credit transaction in 2007.

12.

Many other investors have received a penalty abatement. They did not pay the penalty and received abatement through the IRS administrative process. Plaintiffs paid the penalty and must now seek a refund. By and through this Complaint, Plaintiffs simply seek consistent treatment and provide background of the energy credit transaction in support thereof.

13.

Plaintiffs were seeking a legitimate energy credit investment and at all times relied on the advice of their tax attorney, Edward Rappaport, as well as investment professionals and the law firm of Chuhak & Tecson, P.C. ("Chuhak"), a relatively large Chicago law firm.

14.

The architect of the transactions in question was Chuhak attorney Gary Stern, a purported tax expert and graduate of the prestigious University of Chicago law school.

15.

Mr. Rappaport assisted professional athletes in managing their income and investments and tried to protect its clients from unscrupulous promoters, including, by way of example and not limitation, uncovering an unrelated Ponzi scheme called Cash for Titles in the year 2000.

16.

Mr. Rappaport spoke with Chuhak to verify the legitimacy of the investment and discuss the benefits investors would receive and, in response, among other things, Chuhak confirmed that the energy credit investment would provide the clients with tax credits to offset against W-2 income and acknowledged the existence of an attorney-client relationship between them and the investors.

17.

Based on the background investigation and the information provided by the investment advisors, Plaintiffs invested in certain energy credit transactions for 2007.

18.

The United States District Court for the Northern District of Illinois issued an injunction against Stern that permanently barred him from promoting tax fraud schemes and from preparing related tax returns on November 1, 2013. **Exhibit A**.

19.

On October 14, 2014, Stern was indicted by the United States District Court for the Northern District of Illinois for fraudulently promoting investments that generated improper tax credits. Approximately, two years later, Stern pled guilty to certain Counts of the Indictment.

20.

Plaintiffs sought abatement of the proposed penalty and a refund as they were victims who reasonably relied on their tax attorneys there was no basis to assess a penalty.

21.

By way of example, and not limitation, Plaintiffs believed, based on their tax advisors that the investment was legitimate.

22.

Further, by relying on Chuhak and his tax advisor Plaintiffs exhibited ordinary business care and prudence such that they are not required to seek a second opinion on claiming the credits. *See United States v. Boyle*, 469 U.S. 241 (1985); *see also Estate of Richard R. Simplot v. Commissioner*, 112 T.C. 130 (1999) ("Reliance on the advice of a professional will constitute good faith and reasonable cause where reliance was reasonable.")

23.

Plaintiffs are not sophisticated investors and taxpayers.

24.

On January 4, 2018, the Internal Revenue Service issued the Plaintiffs a claim disallowance letter for the 2007 tax year. **Exhibit B**.

25.

All conditions precedent, if any, have been satisfied, completed, and/or waived.

26.

On February 2, 2018, Plaintiffs submitted a protest of the claim disallowance to the Internal Revenue Service. **Exhibit C**.

27.

As of the date of this Complaint, Plaintiffs have not received a response from the Internal Revenue Service.

## COUNT I - CLAIM FOR ABATEMENT OF PENALTIES AND REFUND

28.

Plaintiffs reallege and reincorporate by reference their allegations in Paragraphs 1 through 25 of the Complaint

29.

As more specifically set forth above, Plaintiffs bring the instant lawsuit seeking an abatement of penalties and a claim of refund in accordance with the Internal Revenue Code.

30.

No penalties should have been assessed against Plaintiffs.

31.

In fact, Plaintiffs are entitled to receive parity similar to the penalties abated for other similarly situated tax payer.

32.

Defendant has refused and continues to refuse to refund the amounts claimed by Plaintiffs in their Claim for Refund and Request for Abatement.

33.

In light of the foregoing and for these reasons as set forth in Plaintiffs' Claim for Refund and Request for Abatement, Plaintiffs are entitled to a refund in the amount of $18,602 paid as a result of the IRS's failure to abate the penalties imposed.

34.

Plaintiffs are also entitled to interest in an amount to be determined as calculated from the date of the payment of the previous tax and/or application of the prior overpayment as the payment of tax alleged to be owed.

WHEREFORE, Plaintiffs pray that this Court will grant them the following relief:

(a) Judgment against the Defendant for the full sum of the overpayment plus interest from the date of the payment of the previous tax and/or application of the prior overpayment as the payment of tax alleged to be owed, or such other amount to which Plaintiffs are entitled in law and fact, together with the interest thereon according to law, for costs and such other and further relief as may be just and proper;

(b) That any penalties imposed on Plaintiffs be abated;

(c) That Plaintiffs be granted a jury trial;

(d) That Plaintiffs be awarded their costs and reasonable attorneys' fees; and

(e) That Plaintiffs receive such other and further relief as may be just and proper.

This 3rd day of January, 2020.

Respectfully submitted,

    /s/ Kevin Langley
Kevin Langley
Florida Bar No. 1005580
klangley@taylorenglish.com

Taylor English Duma LLP
1600 Parkwood Circle SE
Suite 200
Atlanta, GA 30339
(404) 640-5959 (Phone)
(770) 434-7376 (Fax)

*Attorney for Plaintiffs*